## Cooney's Estate

*M. J. Murray, Jr.,* for petitioner.
*F. M. Walsh,* for appellant.

SANDO, P. J., December 28, 1934.—The decedent, John J. Cooney, a resident of the borough of Dunmore, died on October 5, 1934, and on October 8, 1934, there was admitted to probate by the Register of Wills of Lackawanna County a certain paper writing bearing date April 11, 1925, purporting to be the last will and testament of the said decedent.

On October 10, 1934, Patrick H. Cooney took an appeal from the decision of the register of wills in admitting to probate the paper dated April 11, 1925.

On October 13, 1934, the register fixed the amount of the bond at $500. The bond, dated October 13, 1934,

with two sureties who duly qualified, was filed on the same day. It contains, inter alia, the following:

"And now, October 25, 1934, bond of appellant, with sureties in the sum of five hundred ($500.00) dollars, approved, *nunc pro tunc* as of October 13th, 1934.

"(Signed)   THOMAS A. QUINLAN"

On October 13, 1934, the appellant presented his petition to the court, praying for a citation, directed to the respondent, to show cause why the appeal should not be sustained, alleging inter alia, the existence of a later will dated April 5, 1934.

This proceeding is on a motion, filed October 27, 1934, on behalf of Margaret Cullen, the respondent, to dismiss the appeal for the reason that the bond filed by the appellant does not comply with the provisions of section 20(a) of the Register of Wills Act of June 7, 1917, P. L. 415.

In the instant case the bond was filed on the same day the appeal was taken, was accepted and marked filed by the register. As to the time of filing the bond the statute is mandatory.

In general, statutes directing the mode of proceeding by public officers are deemed advisory, and strict compliance with their detailed provisions is not indispensable to the validity of the proceedings themselves.

The question in the instant case is governed by consideration of justice or injustice to innocent persons, without promoting the real aim and object of the enactment.

When a statute requires that a duty imposed is to be performed in a certain way, or under specified conditions, such prescriptions may well be regarded as intended to be directory only, when injustice to others who have no control over those exercising the duty would result, if such requirements were essential or imperative.

The provision to approve the bond is to be regarded

as directory only, and not a condition precedent, the performance of which, and its omission or neglect cannot vitiate the appeal.

The following cases seem to be in point on the question here mentioned: Chapin's Estate, 5 Kulp 31; McCowan v. McCowan, 13 Lanc. 345.

And now, December 28, 1934, the motion to dismiss the appeal of Patrick H. Cooney is denied. Exceptions noted.